IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RENTWERX, LLC f/k/a SATXPM, LLC | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-cv-00354 |
| | § | |
| DEPOSITORS INSURANCE COMPANY, | § | |
| BKCW, L.P. and BKCW | § | |
| MANAGEMENT, L.L.C. | § | |
|     *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Depositors"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Rentwerx, LLC f/k/a SATXPM, LLC v. Depositors Insurance Company, BKCW, L.P. and BKCW Management, L.L.C.*; Cause No. 2020CI02896; In the 408th Judicial District of Bexar County, Texas.

### I.
### BACKGROUND

Plaintiff RentWerx, LLC f/k/a SATXPM, LLC (hereinafter "Plaintiff" or "RentWerx") initiated the present action against Depositors, BKCW, L.P., and BKCW Management, L.L.C. by filing its Original Petition in Cause No. 2020CI02896; In the 408th Judicial District of Bexar County, Texas on February 11, 2020 (the "State Court Action").[1]

1.    BKCW, L.P. appeared and answered on March 12, 2018, asserting a general denial to the claims and allegations in Plaintiff's Original Petition.[2] BKCW Management, L.L.C. has not yet appeared in the suit.

---

[1]    *See* Plaintiff's Original Petition, attached as **Exhibit A.**
[2]    *See* BKCW, L.P.'s Original Answer, attached as **Exhibit B.**

2.　　　Depositors appeared and answered on March 20, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[3]

3.　　　Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4.　　　Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 408th Judicial District Court of Bexar County, Texas.

5.　　　Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.　　　This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.　　Diversity of Parties**

7.　　　Plaintiff is a Texas limited liability company and maintains its principal place of business in Texas.[4] Citizenship of a limited liability company is determined by the citizenship of all of its members.[5] A diligent search of publicly available information on the members of RentWerx LLC has been conducted, and Bradley Larsen and Leah Larsen are the only members

---

[3]　　*See* Depositor's Original Answer, attached as **Exhibit C.**
[4]　　*See* **Exhibit A**, p. 1.

[5]　　*MidCap Media Finance, LLC v. Pathway Delta, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members);

who can be identified based on public records. The Articles of Organization for a Texas Limited

Liability Company Act filed by RentWerx, LLC identifies only Bradley Larsen and Leah Larsen

as members. Also, the Texas Franchise Tax Public Information Report for the report year 2013

that was filed by RentWerx, LLC with the Texas Secretary of State lists only Bradley Larsen and

Leah Larsen as members. Bradley Larsen and Leah Larsen are citizens of the state of Texas. No

other members of RentWerx, LLC were discovered through a diligent search and review of

publicly available records and Nationwide has no reason to believe that any members share the

citizenship of Nationwide. Based on information and belief after diligent inquiry, and pursuant to

28 U.S.C. § 1332(a), Plaintiff RentWerx, LLC is a citizen of the state of Texas.

8.      Defendant Depositors Insurance Company is organized under the laws of Ohio and

maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore,

Depositors is a citizen of the State of Ohio.

9.      Upon information and belief, Defendant BKCW, L.P. is a Texas limited partnership,

and Defendant BKCW Management, L.L.C. is a Texas limited liability company. However, the

citizenship of Defendants BKCW, L.P. and BKCW Management, L.L.C. (collectively "BKCW")

should be disregarded because they have been improperly joined to this action. [6]

10.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. §

1332(a).

### i.    *Improper Joinder of BKCW, L.P. and BKCW Management, L.L.C.*

11.     A defendant is improperly joined if the moving party establishes that (1) the

plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the

---

[6]     BKCW's joinder in this removal is not necessary since they are not properly joined parties. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[7] Because BKCW are non-diverse, only the latter option is implicated in this case.

12.      A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[8] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[9]

13.      Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[10] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain[s] sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[11] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[12] The facts supporting removal must be judged at the time of removal.[13] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[14] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[15]

---

7      *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).
8      *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).
9      *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).
10     *Kling Realty Co.*, 575 F.3d at 513.
11     *Trang v. Bean*, 600 Fed. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).
12     *Int'l Energy Ventures*, 818 F.3d at 200-08.
13     *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
14     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
15     *Twombly*, 550 U.S. at 570.

14.     In this case, Plaintiff has asserted causes of action against Depositors and BKCW, their insurance sales agency, for violations of Texas Insurance Code Chapter 541 and the Texas Deceptive Trade Practices Act ("DTPA").[16] However, apart from alleging that Plaintiff purchased the policy at issue through BKCW, Plaintiff's Original Petition fails to plead any factual allegations against BKCW to support their alleged causes of action.[17] In the improper joinder context, "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state *specific actionable conduct* against the non-diverse defendant."[18] Because Plaintiff has failed to plead any specific actionable conduct against BKCW, Plaintiff has failed to state any claim for relief rendering removal proper on the basis that BKCW were improperly joined.

15.     Moreover, insurance sales agencies like BKCW may be liable under Chapter 541 of the Texas Insurance Code and the DTPA only under "appropriate circumstances," limited to "when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages."[19] Here, Plaintiff has failed to plead any facts under which a viable Chapter 541 or DTPA claim could be made. Thus, BKCW are improperly joined to this action.

**B.      Amount in Controversy**

---

[16]     *See* Plaintiffs' Original Petition, attached as **Exhibit A**, p. 7-10. (Plaintiffs have also asserted causes of action against Depositors only for breach of contract, breach of the duty of good faith and fair dealing, and violation of Texas Insurance Code Chapter 542).

[17]     *Id*. at p. 2-6.

[18]     *See Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190, at *3 (W.D. Tex. Aug. 10, 2017) (Rodriguez, J.) (emphasis in original) (citing *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 3146977, at *13 (W.D. Tex. Aug. 10, 2017) (Ezra, J.)); *see also King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-989, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010).

[19]     *Griggs v. State Farm Lloyds,* 181 F. 3d 694, 701 (5th Cir. 1999) (emphasis added) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. – Austin 1991, no writ)); *see also Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999) (holding that an insurance agent has no duty under Texas law to explain policy terms to an insured).

16.     It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[20] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[21] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[22]

17.     Here, Plaintiff seeks "monetary relief of over $1,000,000."[23] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

18.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

19.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

20.     WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

---

[20]     28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[21]     *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[22]     *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[23]     *See* **Exhibit A**, at p. 1.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Jacob S. Jones
Texas Bar No. 24101975
jjones@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via regular mail this the 20th day of March, 2020 to:

Daniel O. Kustoff
Melanie H. Sanders
Taylor L. Crull
Krustoff & Phipps, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
service@salegal.com
msanders@salegal.com
tcrull@salegal.com

Scott F. Cline
Thornton, Biechlin, Reynolds, & Guerra, LC
100 N.E. Loop, Suite 500
San Antonio, Texas 78216-4741
scline@thorntonfirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp